Matter of M.J. (Felicia J.) (2023 NY Slip Op 02854)

Matter of M.J. (Felicia J.)

2023 NY Slip Op 02854

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Docket No. NN-05192-94/19 Appeal No. 338 Case No. 2022-01189 

[*1]In the Matter of M.J. and Others, Children Under Eighteen Years of Age, etc., Felicia J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Neighborhood Defender Service of Harlem, New York (Karla Alexandra Vergara PÉrez and Michael Weinstein of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Josh Liebman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 24, 2022, which, after a fact-finding hearing, found that respondent mother neglected the subject children, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the children's physical and mental condition has been impaired or is in imminent danger of becoming impaired as a result of the mother's mental condition (see Matter of Melanie C. [Melissa L.], 136 AD3d 512 [1st Dept 2016]; Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417 [1st Dept 2012]). The evidence shows that the mother suffers from chronic mental illness and has an extensive psychiatric history, including multiple hospitalizations, and was previously found to have neglected the children after a suicide attempt led to her hospitalization. Although the mother was ordered to engage in mental health treatment, she disagreed with her diagnosis of bipolar disorder and had not been receiving mental health treatment or taking prescribed psychotropic medication for at least a year prior to the filing of the instant neglect petitions. The mother, by her testimony, had been experiencing increased symptoms including fearfulness and anxiety, and exhibiting erratic behavior. The children confirmed that the mother, in their presence, had threatened to kill herself and them, and they no longer wished to reside with the mother.
The record further supports the finding that the mother inflicted excessive corporal punishment based upon the children's cross-corroborating statements to the caseworker that the mother hit them in the past (see Matter of Shayna R., 57 AD3d 262, 262-263 [1st Dept 2008]), and the caseworker's testimony that she observed a scratch on Alexa's face near her left eye while investigating a report that the mother struck her in the face (see Matter of Jazmyn R. [Luceita F.],67 AD3d 495 [1st Dept 2009]; Matter of Daniel L., 302 AD2d 321 [1st Dept 2003]). Family Court's determination that the children's statements were reliably corroborated was a provident exercise of discretion (see Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1036-1037 [2d Dept 2019]). Although the court's findings concerning a specific incident alleged in the petition were not supported by evidence submitted at the hearing, the finding of excessive corporal punishment was supported by other evidence in the record.
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023